# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> VICTOR CERVANTES-MARTINEZ, <br><br> Defendant. | CASE NO. 10cr4776 JM <br><br> ORDER DENYING MOTION TO DISMISS INDICTMENT |

Defendant Victor Cervantes-Martinez moves to dismiss the indictment charging him with being a deported alien found in the United States in violation of 8 U.S.C. §§1326(a) and (b). Pursuant to 8 U.S.C. §1326(d), Defendant challenges the validity of his 1984 and 1991 deportation hearings. The Government opposes the motion. Having carefully considered the moving papers, the court record, appropriate legal authorities, and the arguments of counsel, the court denies the motion to dismiss the indictment.

**BACKGROUND**

On September 15, 2010 at around 6:00 p.m. Defendant was observed via remote camera climbing the border fence from Mexico, about ½ mile from the Calexico Port of Entry. Border Patrol Agent Pinto then saw Defendant running into a home located at 92 E. First Street, Unit B. The Agents knocked repeatedly on the door but no one responded. On September 16, 2010, at 6:30 a.m., the residents of the home returned and allowed the agents to search the residence. Defendant was found hiding in the home. Defendant was placed under arrest. He admitted to being a citizen of Mexico

1 without legal right to enter the country.

2 A records check revealed that Defendant had an extensive immigration and criminal history. Even though Defendant entered the United States at age three in 1967, he never obtained permanent legal resident status.

Criminal Convictions: From June 17, 1985 through March 4, 2003 Defendant was convicted of ten state law misdemeanors ranging from disturbing the peace and defacing with paint convictions as a 20 year old to DUIs, possession of a hypodermic syringe, and battery convictions as an adult. Defendant has three felony controlled substance convictions, (one in 1986 and two in 1989). Defendant also has a January 2008 conviction for being a felon in possession of a firearm. (Oppo. at p.3:12 - 7:13).

Immigration History: On May 21, 1991 Defendant was convicted in the Eastern District of California of eluding examination, a misdemeanor, and sentenced to six months custody. On August 8, 1993 Defendant was convicted in the Central District of California of felony illegal reentry and sentenced to 83 months' custody. On July 16, 2008 Defendant was convicted in the District of Oregon of being a deported alien found in the United States and sentenced to 36 months.

Defendant was also ordered deported by an Immigration Judge ("IJ") on March 20, 1984 and again on April 4, 1991. Defendant was ordered deported by a field office director on January 15, 2008. Defendant was also physically deported from the United States to Mexico on March 20, 1984, October 18, 1991, December 22, 1998, July 30, 2002, March 9, 2004 and August 10, 2010.

The present motion to dismiss the indictment challenges the validity of the Removal Orders entered against Defendant on March 20, 1984 and April 4, 1991.

## THE MOTION TO DISMISS THE INDICTMENT

A defendant in a §1326 prosecution may collaterally attack the prior deportation before trial and preclude the government from relying on such deportation only "if the deportation proceeding was so procedurally flawed that it effectively eliminated the right of an alien to obtain judicial review. . . ." United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), cert. denied, 117 S.Ct. 1096 (1997). The collateral attack of a prior deportation is statutorily permitted only if:

> (1) the alien has exhausted any administrative remedies that may have been available to seek relief against the order,

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity to seek relief against the order; and
(3) the entry of the order was fundamentally unfair.

8 U.S.C. §1326(d)(1-3). To prevail in attacking the validity of a prior deportation the defense must show that (1) due process rights were in fact violated and (2) prejudice. United States v. Gutierrez-Alba, 128 F.3d 1324 (9th Cir. 1997). An alien seeking to prove prejudice need not establish that he definitely would have received immigration relief, but only that he had "plausible grounds" for receiving such relief. United States v. Arce–Hernandez, 163 F.3d 559, 563 (9th Cir.1998).

Defendant argues that the March 20, 1984 deportation hearing violated his Fifth Amendment due process rights because (1) he was not deportable, (2) he was not advised of the right to counsel, and (3) the IJ erroneously found that he was not eligible for any relief. He was prejudiced because (1) "an attorney would have forced the government to prove up the charges [and ensure that Defendant] was aware of his eligibility for relief," (Motion at p.5:7-8); (2) he was misadvised that he could not seek §212(h) relief (extreme hardship) and (3) he may have obtained voluntary departure. He argues extreme hardship because he came here at age three in 1967, his deportation is a hardship to his sisters and parents, he often translated English/Spanish for his parents, and, when he was 20 years old, he watched his 13 and 14 year old siblings while his parents were at work.

Defendant also argues that the April 4, 1991 deportation hearing was not valid and violated his Fifth Amendment due process rights because his 1989 controlled substance convictions were not aggravated felonies, the IJ did not obtain a knowing and intelligent waiver of the right to counsel, he was not advised of the consequences of his 1989 guilty plea, and he plausibly qualified for §212(c) and §212(h) relief.

The court finds that Defendant cannot demonstrate any cognizable prejudice or fundamental unfairness arising from the 1991 deportation hearing and therefore denies the motion to dismiss the indictment. In 1988 Congress passed the Anti-Drug Abuse Act of 1988 ("ADAA") to establish the aggravated felony category. In 1991, the relevant statutory provision provided that the term "aggravated felony" includes "any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2) of Title 18, . . . ." 8 U.S.C. §1101(a) (1991). Here, Defendant's 1989 convictions for violation of Cal. Health

&Safety Code 11351.5, possession of cocaine base for sale, and H&S 11352(a), transportation and sale of cocaine, are indisputably aggravated felonies for purposes of 8 U.S.C. §1227(a)(2)(A)(iii). As an aggravated felon, there was no relief available to Defendant. See Averilla v. Schmidt, 116 Fed.Appx. 157 (9th Cir. 2004) (a H&S 11351.5 conviction is categorically an aggravated felony).[1] Consequently, the court denies the motion to dismiss the indictment.

Moreover, even if Defendant's aggravated felon status did not preclude him from seeking relief from deportation, Defendant fails to show that there were any plausible grounds for relief available to him under either §212(c) or §212(h). As highlighted at the time of oral argument, the court notes that Defendant had never obtained lawful permanent resident ("LPR") status and therefore could not seek §212(c) relief in 1991 because only LPRs could seek such relief. INA §212(c)(1991); 8 U.S.C. §1182(c)(1991).

Further, while §212(h) relief was potentially available to Defendant at an extreme theoretical level, it was not plausibly available. To qualify for §212(h) hardship relief, Defendant must show, in addition to qualifying for adjustment of status under INA §245, 8 U.S.C. §1255, that his exclusion would result in "extreme hardship" to the alien's United States citizen or lawful resident's family. 8 U.S.C. §1182(h). Here, in the original declaration, Defendant declares, in conclusory fashion, that his removal "placed an extreme hardship" on Defendant and his family. (Def's Decl. ¶4). In a supplemental declaration, Defendant appears to explain the conclusory term "extreme hardship" by declaring that in 1984 he "had to take care of" his teenage brother and sister while his parents were at work, he often translated for his parents, and he would take his brother to the hospital twice a week at that time. (Suppl. Decl. ¶5, Ct. Dkt. 23). The court notes that the phrase "to take care of" is unclear and not explained in the declaration.

To demonstrate extreme hardship for purposes of §212(h) relief, Defendant must show that the consequences of removal go beyond "the common results of deportation" such as the loss of

---

[1] Defendant argues that he only received a three year sentence for his H & S convictions and therefore his controlled substance convictions do not constitute aggravated felonies. This argument is without merit because it refers to the pre-1988 ADAA statutory scheme that required the imposition of a five year custodial sentence to qualify as an aggravated felony. The 1988 ADAA changed the law to eliminate the five year custodial sentence required for controlled substance convictions.

emotional or financial support, including the loss of temporary child care services. United States v. Becerril-Lopez, 541 F.3d 881, 886 (9th Cir. 2008); United States v. Arce-Hernandez, 163 F.3d 559, 564 (9th Cir. 1998) (family facing bleak financial straits and the illness of spouse not beyond common results of removal). To demonstrate extreme hardship, Defendant must provide a "detailed demonstration" of non-economic familial support or something more than financial support. Becerril-Lopez, 541 F.3d at 886. By the time of Defendant's 1991 deportation hearing, any temporary support he may have provided to his siblings in 1984 is not of consequence. By 1991 Defendant had collected at least seven misdemeanor convictions, three felony convictions, and spent several years in custody. Under these circumstances, it is difficult to conceive that Defendant provided any meaningful support to his family (for purposes of a §212(h) analysis). Accordingly, Defendant cannot demonstrate any cognizable prejudice or fundamental unfairness arising from the 1991 deportation hearing. The motion is denied.

Defendant argues that his 1989 convictions are invalid because he was not informed of possible adverse effects of the plea on his immigration status. In Padilla v. Kentucky, 130 S.Ct. 1473 (2010), the Supreme Court held that an attorney provides deficient performance by failing to advise a defendant about immigration consequences. Defendant's argument is without merit because the conviction documents clearly indicate that "Defendant [was] advised of possible effects of plea on any alien/citizenship/probation/parole status." (Def't. Exh. C at p.15, Item 42). Defendant's self-serving declaration that he was not informed of the immigration consequences is insufficient to rebut the evidentiary record. See United States. v. Amano, 229 F.3d 801, 805 (9th Cir. 2000) (conclusory and self-serving declaration insufficient to rebut court record). This argument fails for another reason as well: the 2010 Padilla decision does not apply retroactively under Teague v. Lane, 489 U.S. 288, 307 (1989).

Defendant also argues that he should have been granted the discretionary relief of voluntary departure. The decision to grant voluntary departure is discretionary. Here, the record reveals that the IJ informed Defendant of the possibility of voluntary departure - - including the requirement that the individual must possess no serious criminal record. However, Defendant did not request voluntary departure. Furthermore, by 1991 defendant had three felony controlled substance convictions and

seven misdemeanor convictions. As noted by the Sixth Circuit, the only due process right available is to be advised of the availability of voluntary departure. There is <u>no right</u> to voluntary departure because it is a privilege, and can never constitute the deprivation of a liberty interest if voluntary departure relief is denied. <u>Ali v. Ashcroft</u>, 366 F.3d 407, 412 (6th Cir. 2004). Further, the statutory scheme gave the Attorney General unfettered discretion to grant or deny pre-hearing voluntary departure and, in that sense, that Ninth Circuit has held that an individual's rights are not violated when the IJ "fail[s] to mention it (voluntary departure) at the hearing itself." <u>Becerril-Lopez</u>, 541 F.3d at 887.

Finally, Defendant argues that the conviction documents contained in the A file do not comply with the list of documents identified in 8 U.S.C. §1229a(c)(3)(B) that may be used to establish a criminal conviction and therefore the documents cannot substantiate his criminal convictions. This argument is not persuasive because Defendant admitted to the IJ under oath and in open court his controlled substance convictions. Furthermore, the documents identified in 8 U.S.C. §1229a(c)(3)(B) are not "the sole means of establishing a criminal conviction; rather, the statute merely says that such forms "shall constitute proof of a criminal conviction.' Other forms of proof will suffice if 'probative.' One such form, obviously, is the alien's admission of the conviction under oath." <u>Fequiere v.Ashcroft</u>, 2798 F.3d 1325 (11th Cir. 2002).

In sum, the court denies the motion to dismiss the indictment because Defendant cannot show any cognizable prejudice or fundamental unfairness arising from the 1991 deportation hearing.

**IT IS SO ORDERED.**

DATED: September 23, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties